# EXHIBIT  A

RICHARD M. ROMLEY
MARICOPA COUNTY ATTORNEY

HAEL K. JEANES, CLERK
⌐ ⌐ K̲i̲s̲s̲b̲o̲r̲o̲ DEP

FILED

2002 JAN 25 PM 1:17

Blaine D. Gadow
Deputy County Attorney
Bar Id #: 015741
301 West Jefferson, 5th Floor
Phoenix, AZ  85003
Telephone: (602) 506-8556
MCAO Firm #:  00032000
Attorney for Plaintiff

**QUADRANT UA – COMPLEX CASE**

DR 222200 – MARICOPA COUNTY ATTORNEY'S OFFICE

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| THE STATE OF ARIZONA, | ) NO. CR 2002- $\underline{001431}$ |
| | ) |
| Plaintiff, | ) 281 GJ 49 |
| | ) |
| vs. | ) INDICTMENT |
| | ) |
| BRIAN L. FINKEL, | ) **COUNTS 1-6, 8-12, 14, 16-26, 29-** |
| | ) **39, 41, 42, 44-50: SEXUAL ABUSE,** |
| Defendant. | ) **CLASS 5 FELONIES** |
| | ) **COUNTS 7, 13, 15, 27, 28, 40 &** |
| | ) **43: SEXUAL ASSAULT, CLASS 2** |
| | ) **FELONIES** |
| | ) |

The Grand Jurors of Maricopa County, Arizona, accuse BRIAN L.

FINKEL, on this 25th day of January, 2002, charging that in

Maricopa County, Arizona:

**COUNT 1:**

BRIAN L. FINKEL, on ~~or between the 9th~~ $\overset{15^{th}}{}$ day of June, 2001 ~~and~~

~~the 23rd day of June, 2001~~, intentionally or knowingly engaged in

sexual contact with NEALIE AMAECHI, a person of 15 or more years of

age, without the consent of NEALIE AMAECHI, (to-wit: when Defendant

1

stroked victim's clitoris at her follow-up examination), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 2:

BRIAN L. FINKEL, on ~~or between the~~ 5th [15th] day of June, 2001 ~~and the 23rd day of June, 2001~~, intentionally or knowingly engaged in sexual contact with NEALIE AMAECHI, a person of 15 or more years of age, without the consent of NEALIE AMAECHI, (to-wit: when Defendant pinched victim's right nipple during her follow-up examination), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 3:

BRIAN L. FINKEL, on or between the 1st day of April, 1994 and the 31st day of May, 1994, intentionally or knowingly engaged in sexual contact with TRACY B. ARNOLD, a person of 15 or more years of age, without the consent of TRACY B. ARNOLD, (to-wit: when Defendant flicked victim's clitoris during her pre-procedure examination), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 4:

BRIAN L. FINKEL, on the 2nd day of April, 1999 ~~or between the 1st day of March, 1998 and the 30th day of April, 1998~~, intentionally or knowingly engaged in sexual contact with DOREEN L. BARNES, a person of 15 or more years of age, without the consent of DOREEN L. BARNES, (to-wit: when

Defendant rubbed victim's labia before the pre-procedure examination), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 5:**

BRIAN L. FINKEL, on ~~or between the 1st day of March, 1998 and~~ ~~the 15th day of May, 1998~~ the 2nd day of April, 1998, intentionally or knowingly engaged in sexual contact with DOREEN L. BARNES, a person of 15 or more years of age, without the consent of DOREEN L. BARNES, (to-wit: when Defendant rubbed victim's labia during her follow-up examination), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 6:**

BRIAN L. FINKEL, on or about the 5th day of January, 1988, intentionally or knowingly engaged in sexual contact with JANET L. CRELLER, fifteen or more years of age, without the consent of JANET L. CRELLER, (to-wit: where Defendant rubbed victim's clitoris before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1404, 13-3821, 13-701, 13-702, and 13-801.

**COUNT 7:**

BRIAN L. FINKEL, on or about the 5th day of January, 1988, intentionally or knowingly, without consent, engaged in sexual intercourse or oral sexual contact with JANET L. CRELLER, fifteen years of age or older (to-wit: when Defendant penetrated victim's vagina with his fingers simulating intercourse before the abortion

281 GJ 49

procedure), in violation of A.R.S. §§ 13-1406, 13-1401, 13-3821, 31-271, 13-701, 13-702, and 13-801.

COUNT 8:

BRIAN L. FINKEL, on ~~or about the~~ 24th day of March, ~~2001~~ 2000, intentionally or knowingly engaged in sexual contact with ELISHA M. DAVIS, a person of 15 or more years of age, without the consent of ELISHA M. DAVIS, (to-wit: when Defendant grabbed the nipples of both of victim's breasts during the pre-procedure examination), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 9:

BRIAN L. FINKEL, on ~~or about~~ the 24th day of March, ~~2001~~ 2000, intentionally or knowingly engaged in sexual contact with ELISHA M. DAVIS, a person of 15 or more years of age, without the consent of ELISHA M. DAVIS, (to-wit: when Defendant rubbed victim's vagina with his fingers during the pre-procedure examination), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 10:

BRIAN L. FINKEL, on the 18th day of November, 1995 ~~or between the 1st day of May, 1995 and the 31st day of July, 1995~~, intentionally or knowingly engaged in sexual contact with ERLINDA DIAZ, a person of 15 or more years of age, without the consent of ERLINDA DIAZ, (to-wit: when Defendant rubbed victim's clitoris during the follow-up examination), in violation

281 GJ 49

of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 11:

BRIAN L. FINKEL, on or between the 1st day of January, 1998 and the 31st day of January, 1998, intentionally or knowingly engaged in sexual contact with DAWN EANES, a person of 15 or more years of age, without the consent of DAWN EANES, (to-wit: when Defendant twisted the victim's right nipple during the pre-procedure examination), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 12:

BRIAN L. FINKEL, on or between the 1st day of January, 1998 and the 31st day of January, 1998, intentionally or knowingly engaged in sexual contact with DAWN EANES, a person of 15 or more years of age, without the consent of DAWN EANES, (to-wit: when Defendant twisted the victim's left nipple during the pre-procedure examination), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 13:

BRIAN L. FINKEL, on or between the 1st day of June, 1998 and the 31st day of August, 1998, intentionally or knowingly, engaged in sexual intercourse or oral sexual contact with KELLY EASTER, without the consent of KELLY EASTER, (to-wit: when Defendant lubricated his fingers with Astro-Glide and penetrated victim's

281 GJ 49

vagina to simulate sexual intercourse), in violation of A.R.S. §§ 13-1406, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 14:

BRIAN L. FINKEL, on or between the 1st day of June, 1998 and the 31st day of August, 1998, intentionally or knowingly engaged in sexual contact with KELLY EASTER, a person of 15 or more years of age, without the consent of KELLY EASTER, (to-wit: when Defendant rubbed victim's clitoris), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 15:

BRIAN L. FINKEL, on or between the 1st day of June, 1998 and the 31st day of August, 1998, intentionally or knowingly, engaged in sexual intercourse or oral sexual contact with KELLY EASTER, without the consent of KELLY EASTER, (to-wit: when Defendant inserted his finger into victim's anus at the end of the examination), in violation of A.R.S. §§ 13-1406, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 16:

BRIAN L. FINKEL, on or about the 15th day of September, 2001, intentionally or knowingly engaged in sexual contact with DEKHUNA LATASHA NICOLE ELIJAH, a person of 15 or more years of age, without the consent of DEKHUNA LATASHA NICOLE ELIJAH, (to-wit: when Defendant squeezed victim's nipples during the pre-examination

procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 17:**

BRIAN L. FINKEL, on or between the 1st day of March, 2001 and the 31st day of March, 2001, intentionally or knowingly engaged in sexual contact with EMILY FRANCOM, a person of 15 or more years of age, without the consent of EMILY FRANCOM, (to-wit: when Defendant massaged victim's breasts during the pre-procedure examination), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 18:**

BRIAN L. FINKEL, on or between the 1st day of March, 2001 and the 31st day of March, 2001, intentionally or knowingly engaged in sexual contact with EMILY FRANCOM, a person of 15 or more years of age, without the consent of EMILY FRANCOM, (to-wit: when Defendant massaged victim's clitoris before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 19:**

BRIAN L. FINKEL, on or between the 1st day of May, 1983, and the 31st day of June, 1983, intentionally or knowingly engaged in sexual conduct with KAREN M. FRANKLIN-BUELL, without the consent of KAREN M. FRANKLIN-BUELL, (to-wit: when Defendant rubbed victim's clitoris

with his fingers during the abortion follow-up), in violation of
A.R.S. §§ 13-1401, 13-1404, 13-3821, 13-701, 13-702, and 13-801.

**COUNT 20:**

BRIAN L. FINKEL, on or about the 16th 1st day of January March, 1999,
intentionally or knowingly engaged in sexual contact with EBONE
JORDAN, a person of 15 or more years of age, without the consent of
EBONE JORDAN, (to-wit: when Defendant rubbed victim's clitoris
before the abortion procedure), in violation of A.R.S. §§ 13-1404,
13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 21:**

BRIAN L. FINKEL, on or about the 16th day of January, 1999,
intentionally or knowingly engaged in sexual contact with EBONE
JORDAN, a person of 15 or more years of age, without the consent of
EBONE JORDAN, (to-wit: when Defendant pulled on victim's nipples
before the abortion procedure), in violation of A.R.S. §§ 13-1404,
13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 22:**

BRIAN L. FINKEL, on or between the 1st day of January, 2000 and
the 31st day of January, 2000, intentionally or knowingly engaged in
sexual contact with EBONE JORDAN, a person of 15 or more years of
age, without the consent of EBONE JORDAN, (to-wit: when Defendant
rubbed victim's clitoris with his hand before the abortion
procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821,
31-281, 13-701, 13-702, 13-702.01, and 13-801.

281 GJ 49

**COUNT 23:**

BRIAN L. FINKEL, on or about the 1st day of August, 1996, intentionally or knowingly engaged in sexual contact with DEBRA L. HENSLEY, a person of 15 or more years of age, without the consent of DEBRA L. HENSLEY, (to-wit: when Defendant rubbed victim's nipples before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 24:**

BRIAN L. FINKEL, on or between the ~~15th~~ 20th day of ~~December, 1998~~ February, 1999 ~~and the 31st day of January, 1999,~~ intentionally or knowingly engaged in sexual contact with JENNIFER A. JENNINGS, a person of 15 or more years of age, without the consent of JENNIFER A. JENNINGS, (to-wit: where Defendant massaged victim's clitoris before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 25:**

BRIAN L. FINKEL, on or between the ~~15th~~ 20th day of ~~December, 1998~~ February, 1999 and the 31st day of January, 1999, intentionally or knowingly engaged in sexual contact with JENNIFER A. JENNINGS, a person of 15 or more years of age, without the consent of JENNIFER A. JENNINGS, (to-wit: where Defendant pinched victim's nipples before the

abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 26:

BRIAN L. FINKEL, on or between the 1st day of February, 1989, and the 31st day of May, 1989, intentionally or knowingly engaged in sexual contact with JANET K. JORGENSEN, fifteen or more years of age, without the consent of JANET K. JORGENSEN, (to-wit: when Defendant fondled victim's breasts ~~before~~ after the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1404, 13-3821, 13-701, 13-701, 13-702, and 13-801.

COUNT 27:

BRIAN L. FINKEL, on or between the 1st day of February, 1989 and the 31st day of May, 1989, intentionally or knowingly, without consent, engaged in sexual intercourse or oral sexual contact with JANET K. JORGENSEN, fifteen years of age or older, (to-wit: when Defendant penetrated victim's vagina with his hand simulating sexual intercourse), in violation of A.R.S. §§ 13-1406, 13-1401, 13-3821, 31-271, 13-701, 13-702, and 13-801.

COUNT 28:

BRIAN L. FINKEL, on or between the 1st day of February, 1989 and the 31st day of May, 1989, intentionally or knowingly, without consent, engaged in sexual intercourse or oral sexual contact with JANET K. JORGENSEN, fifteen years of age or older (to-wit: when Defendant penetrated victim's anus with his finger after asking

her, "Do you ever do it here?"), in violation of A.R.S. §§ 13-1406, 13-1401, 13-3821, 13-701, 13-702, and 13-801.

COUNT 29:

BRIAN L. FINKEL, on or between the 1st day of November, 1995 and the 1st day of March, 1996, intentionally or knowingly engaged in sexual contact with NICOLE LEA-MON, a person of 15 or more years of age, without the consent of NICOLE LEA-MON, (to-wit when Defendant flicked victim's clitoris with his finger before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 30:

BRIAN L. FINKEL, on or between the 1st day of November, 1995 and the 1st day of March, 1996, intentionally or knowingly engaged in sexual contact with NICOLE LEA-MON, a person of 15 or more years of age, without the consent of NICOLE LEA-MON, (to-wit: when Defendant manipulated victim's labia before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 31:

BRIAN L. FINKEL, on or between the 1st day of June, 1994 and the 30th day of June, 1994, intentionally or knowingly engaged in sexual contact with GRETCHEN O'HAIR JANOVETZ, a person of 15 or more years of age, without the consent of GRETCHEN O'HAIR JANOVETZ, (to-wit: when Defendant rubbed victim's nipples before the abortion

procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 32:

BRIAN L. FINKEL, on or between the 1st day of June, 1994 and the 15th day of July, 1994, intentionally or knowingly engaged in sexual contact with GRETCHEN O'HAIR JANOVETZ, a person of 15 or more years of age, without the consent of GRETCHEN O'HAIR JANOVETZ, (to-wit: when Defendant grabbed victim's breasts in the hallway after her follow-up visit), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 33:

BRIAN L. FINKEL, on or between the 1st day of March, 2000 and the 31st day of March, 2000, intentionally or knowingly engaged in sexual contact with RANA PATRICK, a person of 15 or more years of age, without the consent of RANA PATRICK, (to-wit: when Defendant cupped and squeezed victim's breasts before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 34:

BRIAN L. FINKEL, on or between the 1st day of March, 2000 and the 31st day of March, 2000, intentionally or knowingly engaged in sexual contact with RANA PATRICK, a person of 15 or more years of age, without the consent of RANA PATRICK, (to-wit: when Defendant twisted victim's right nipple before the abortion procedure), in

281 GJ 49

violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 35:

BRIAN L. FINKEL, on or between the 1st day of March, 2000 and the 31st day of March, 2000, intentionally or knowingly engaged in sexual contact with RANA PATRICK, a person of 15 or more years of age, without the consent of RANA PATRICK, (to-wit: when Defendant rubbed victim's clitoris during the pelvic exam before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 36:

BRIAN L. FINKEL, on or between the 9th day of June, 1995 ~~1st day of October, 1994 and the 31st day of December, 1994~~, intentionally or knowingly engaged in sexual contact with MONIQUE PERRINE, a person of 15 or more years of age, without the consent of MONIQUE PERRINE, (to-wit: when Defendant squeezed victim's breasts after the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 37:

BRIAN L. FINKEL, on or between the 24th day of June, 1998 ~~1st day of September, 1998 and the 31st day of September, 1998~~, intentionally or knowingly engaged in sexual contact with KIM D. ROMERO, a person of 15 or more years of age, without the consent of KIM D. ROMERO, (to-wit: where Defendant rubbed victim's breasts during the pre-abortion

281 GJ 49

procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 38:**

BRIAN L. FINKEL, on or between the ~~1st~~ 24th day of ~~September,~~ June 1998 ~~and the 31st day of September, 1998~~, intentionally or knowingly engaged in sexual contact with KIM D. ROMERO, a person of 15 or more years of age, without the consent of KIM D. ROMERO, (to-wit: when Defendant touched victim's clitoris before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 39:**

BRIAN L. FINKEL, on or between the 15th day of February, 1992, and the 15th day of March, 1992, intentionally or knowingly engaged in sexual contact with RUTH SCHERZER, fourteen or more years of age, without the consent of RUTH SCHERZER, (to-wit: when Defendant fondled victim's breasts during her follow-up examination), in violation of A.R.S. §§ 13-1401, 13-1404, 13-3821, 31-271, 13-701, 13-702, 13-801, and 13-812.

**COUNT 40:**

BRIAN L. FINKEL, ~~on or between the 1st day of January, 1998 and the 31st day of December, 1998~~ late January, 1989, intentionally or knowingly, engaged in sexual intercourse or oral sexual contact with ANDREA LYNN TALBOTT-ELLIOTT, without the consent of ANDREA LYNN TALBOTT-ELLIOTT, (to-wit: when Defendant penetrated victim's anus with his

281 GJ 49

finger before the abortion procedure), in violation of A.R.S. §§ 13-1406, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 41:**

BRIAN L. FINKEL, on or between the 1st day of January, 1993, and the 31st day of December, 1993, intentionally or knowingly engaged in sexual contact with JOHNNA TEENSTRA, fourteen or more years of age, without the consent of JOHNNA TEENSTRA, (to-wit: when Defendant cupped victim's breasts before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-271, 13-701, 13-702, 13-801, and 13-812.

**COUNT 42:**

BRIAN L. FINKEL, on or between the 1st day of January, 1993, and the 31st day of December, 1993, intentionally or knowingly engaged in sexual contact with JOHNNA TEENSTRA, fourteen or more years of age, without the consent of JOHNNA TEENSTRA, (to-wit: when Defendant pinched victim's nipple before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-271, 13-701, 13-702, 13-801, and 13-812.

**COUNT 43:**

BRIAN L. FINKEL, on or between the 1st day of January, 1993 and the 31st day of December, 1993, intentionally or knowingly, engaged in sexual intercourse or oral sexual contact with JOHNNA TEENSTRA, without the consent of JOHNNA TEENSTRA, (to-wit: when Defendant

penetrated victim's vagina three successive times before the
abortion procedure to simulate a sex act), in violation of A.R.S.
§§ 13-1406, 13-1401, 13-3821, 31-281, 13-701, 13-702, and 13-801.

COUNT 44:

 BRIAN L. FINKEL, on or between the 1st day of January, 1993,
and the 31st day of December, 1993, intentionally or knowingly
engaged in sexual contact with JOHNNA TEENSTRA, fourteen or more
years of age, without the consent of JOHNNA TEENSTRA, (to-wit: when
Defendant rubbed his thumb on victim's clitoris before the abortion
procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821,
31-271, 13-701, 13-702, 13-801, and 13-812.

COUNT 45:

 BRIAN L. FINKEL, on or about the 4th day of December, 1999,
intentionally or knowingly engaged in sexual contact with MELISSA
A. TRENT, a person of 15 or more years of age, without the consent
of MELISSA A. TRENT, (to-wit: when Defendant squeezed victim's
nipple before the abortion procedure), in violation of A.R.S. §§
13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and
13-801.

COUNT 46:

 BRIAN L. FINKEL, on or about the 4th day of December, 1999,
intentionally or knowingly engaged in sexual contact with MELISSA
A. TRENT, a person of 15 or more years of age, without the consent
of MELISSA A. TRENT, (to-wit: when Defendant rubbed victim's

281 GJ 49

clitoris before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 47:

BRIAN L. FINKEL, on or about the 4th day of December, 1999, intentionally or knowingly engaged in sexual contact with MELISSA A. TRENT, a person of 15 or more years of age, without the consent of MELISSA A. TRENT, (to-wit: when Defendant rubbed the front of victim's vagina before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 48:

BRIAN L. FINKEL, on or between the 1st day of June, 1986, and the 31st day of ~~December, 1993~~, intentionally or knowingly engaged in sexual contact with SHELLY CLUFF, fifteen or more years of age, without the consent of SHELLY CLUFF, (to-wit: when Defendant pinched victim's nipples before her examination), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 13-701, 13-702, and 13-801.

COUNT 49:

BRIAN L. FINKEL, on or between the 1st day of June, 1986, and the 31st day of ~~December, 1993~~, intentionally or knowingly engaged in sexual contact with SHELLY CLUFF, fifteen or more years of age, without the consent of SHELLY CLUFF, (to-wit: when Defendant rubbed

281 GJ 49

victim's clitoris before her examination), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 13-701, 13-702, and 13-801.

COUNT 50:

BRIAN L. FINKEL, on or between the 12th day of September, 1996 ~~and the 31st day of May, 1996~~, intentionally or knowingly engaged in sexual contact with RISE MCENDREE MAYOLETTE, a person of 15 or more years of age, without the consent of RISE MCENDREE MAYOLETTE, (to-wit: when Defendant brushed victim's clitoris the first time during the pre-procedure examination), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

("A True Bill")

RICHARD M. ROMLEY
MARICOPA COUNTY ATTORNEY

BLAINE D. GADOW
DEPUTY COUNTY ATTORNEY

BDG:es/OK

Date: January 25, 2002

JEROME GOSSEN
FOREMAN OF THE GRAND JURY



RICHARD M. ROMLEY
MARICOPA COUNTY ATTORNEY
Blaine D. Gadow
Deputy County Attorney
Bar ID #:  015741
MCAO Firm #:  00032000
Administration Building
301 W Jefferson St Ste 800
Phoenix, AZ 85003-2143
Telephone:   (602) 506-8556
Attorney for Plaintiff

HICHAE, K. JE     CLERK
BY  C~D~~  DEP

FILED

2002 FEB 11  PM 5: 00

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| STATE OF ARIZONA<br><br>                    Plaintiff,<br><br>         VS.<br><br>BRIAN L. FINKEL,<br><br>                    Defendant. | NO. CR 2002-001431<br><br>STATE'S ALLEGATION OF MULTIPLE OFFENSES NOT COMMITTED ON THE SAME OCCASION PURSUANT TO A.R.S. § 13-702.02<br><br>(Assigned to the Honorable Jeffrey Cates) |

Pursuant to A.R.S. § 13-702.02 and Rule 13.5, Arizona Rules of Criminal Procedure, the State of Arizona, by and through undersigned counsel, alleges that counts 1-2, 3, 4-5, 6, 8-9, 10, 11-12, 14, 16, 17-18, 19, 20-22, 23, 24-25, 26 and 28, 29-30, 31-32, 33-35, 36, 37-38, 39, 41-42 and 44, 45-47, 48-49, and 50 are multiple offenses not committed on the same occasion but consolidated for trial.

These counts are the various counts of sexual abuse, class 5 felonies.  Each set of counts relates to a different act or acts committed on different victims at various times as set forth in the indictment.   If Defendant is convicted of these counts, the Defendant must be sentenced pursuant to A.R.S. § 13-702.02.

27

Submitted February ____ , 2002.

RICHARD M. ROMLEY
MARICOPA COUNTY ATTORNEY

BY_____
    Blaine D. Gadow
    Deputy County Attorney


.Copy of the foregoing
mailed\delivered this
____ day of February, 2002,
to:

The Honorable Jeffrey Cates
Judge of the Superior Court

Richard Gierloff, Esq.
45 W. Jefferson Suite 412
Phoenix, AZ 85003-2315

BY_____
    Blaine D. Gadow
    Deputy County Attorney

SUPERIOR COURT OF ARIZONA     \*\*\* FILED \*\*\*
MARICOPA COUNTY       10/16/2002

10/10/2002                  CLERK OF THE COURT
                             FORM R000A

HONORABLE JEFFREY S. CATES          E. Russo
                              Deputy

CR 2002-001431
CR 2001-015515

                         FILED: _____

STATE OF ARIZONA              BLAINE D GADOW
                         CINDI S NANNETTI
                         STEVEN J TWIST
                         STASY D CLICK

v.

BRIAN L FINKEL                RICHARD D GIERLOFF

                         DOCKET-CRIMINAL-CCC
                         FILE ROOM-CSC
                         FINANCIAL SERVICES-CCC
                         VICTIM SERVICES DIV-CA-CCC

## MINUTE ENTRY

    11:45 a.m.  Upon the Court's own Motion, an informal conference is conducted this date re: the State's Motion to Reconsider.

    State is represented by Blaine Gadow.  Defendant not present, but is represented by Richard Gierloff.

    Court Reporter, Karen Dawson is present.

    Discussion is held.

    State's Motion to Reconsider remains under advisement.

**LATER:**

    The State has filed its Motion to Reconsider this Court's September 13, 2002 ruling which denied the State's Motion to Consolidate and Motion to Admit Other Act Evidence, and granted the Defendant's Motion to Sever the counts, grouped by patient. In connection with its Motion to Reconsider the State requested an evidentiary hearing to present expert testimony under Rule 404(c).

66

SUPERIOR COURT OF ARIZONA          *** FILED ***
MARICOPA COUNTY                     10/16/2002

10/10/2002                          CLERK OF THE COURT
                                    FORM R000A

HONORABLE JEFFREY S. CATES              E. Russo
                                        Deputy

CR 2002-001431
CR 2001-015515
      This court has already explained to counsel that the
proposed expert testimony is unnecessary for this court to rule
on the State's Motion to Reconsider.

      IT IS THEREFORE ORDERED denying the State's request for an
evidentiary hearing.

      This court initially ruled that the State failed to meet
its burden to provide a reasonable basis to infer that the
Defendant had a character trait giving rise to an aberrant
sexual propensity to commit the crimes charged in the
indictments, pursuant to Arizona Rules of Evidence, Rule 404(c),
and that consolidation would unduly prejudice the Defendant
under Rule 403.

      The rulings of a court are only as good as the information
it has before it.   In the State's Motion for Consolidation, what
this court was presented to support a consolidation under Rule
404(b) and 404(c) was a mere statement that consolidation was
appropriate, and vague assertions of alleged sexual misconduct on
the part of the Defendant.   The circumstances under which the
alleged conduct occurred are extremely important, especially when
it is the *manner* in which many of the alleged improper acts took
place that make them aberrant.   Based upon what this court had
before it at the time, its September 13, 2002 rulings were
correct.

      The State, in support of its Motion for Reconsideration,
submitted additional information in the form of transcripts of
interviews of the 35 patients in this case and transcripts of
interviews taken of several medical assistants who worked for
Defendant.

      The transcripts of interviews with the 35 patients reveal
accounts of what can be considered aberrant conduct under the
circumstances during which the breast and pelvic examinations of
the patients occurred.   The manner and circumstances under which
these alleged acts of sexual misconduct occurred as described in
the patient interviews are corroborated by the Defendant's
employees in their interviews.   The incidents, as they vary from
patient to patient, appear similar in nature.

Docket Code 053                                        Page 2

SPERIOR COURT OF ARIZONA          *** FILED ***
MARICOPA COUNTY               10/16/2002

10/10/2002                              CLERK OF THE COURT
                                              FORM R000A

HONORABLE JEFFREY S. CATES                  E. Russo
                                              Deputy

CR 2002-001431
CR 2001-015515

        Upon careful review of the transcripts of these interviews
this court now finds:  that the State has satisfied its burden
under Rule 404(c) that the evidence of the alleged acts of sexual
misconduct is sufficient for a trier of fact to find that
Defendant committed the other acts; that the commission of the
other acts provides a reasonable basis to infer that the
Defendant had a character trait giving rise to an aberrant sexual
propensity to commit the crime(s) charged; and weighing the
factors under Rule 404(c)(1)(C), this court does not find that
the probative value of introducing the evidence of the other acts
(which this court finds greater than it originally believed) is
substantially outweighed by the danger of unfair prejudice to
Defendant, confusion of the issues or misleading the jury.

        IT IS THEREFORE ORDERED granting the State's Motion to
Reconsider, vacating/setting aside this court's prior minute
entry ruling dated September 13, 2002, and granting the State's
Motion To Consolidate and Motion to Admit Other Act Evidence; and
denying Defendant's Motion to Sever.

        IT IS ORDERED consolidating cause numbers CR2001-015515 and
CR2002-001431 under cause number CR2001-015515.

Docket Code 053                                         Page 3

RICHARD M. ROMLEY
MARICOPA COUNTY ATTORNEY

Blaine D. Gadow
Deputy County Attorney
Bar Id #: 015741
301 West Jefferson, 5th Floor
Phoenix, AZ  85003
Telephone: (602) 506-8556
MCAO Firm #:  00032000
Attorney for Plaintiff

MICHAEL K. JEANES, CLERK
BY _____ DEP
FILED

2001 OCT 23  PM 4:01

**QUADRANT UA – COMPLEX CASE**
        DR 200000139995, DR 200000357298 & DR 51839681, PHOENIX
        POLICE DEPARTMENT & 222200 – MARICOPA COUNTY ATTORNEY

        IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

        IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| THE STATE OF ARIZONA, | ) NO. CR 2001-015515 |
| | ) |
| Plaintiff, | ) 277 GJ 418 |
| | ) |
| vs. | ) INDICTMENT |
| | ) |
| BRIAN L. FINKEL, | ) **COUNTS 1, 2, 3, 4, 5, 6, 8, 9,** |
| | ) **10, 11, 12, 13, 14, 15, 16 & 17:** |
| Defendant. | ) SEXUAL ABUSE, CLASS 5 FELONIES |
| | ) **COUNT 7: SEXUAL ASSAULT, A CLASS** |
| | ) **2 FELONY** |
| | ) |

        The Grand Jurors of Maricopa County, Arizona, accuse BRIAN L

FINKEL, on this 23rd day of October, 2001, charging that in

Maricopa County, Arizona:

**COUNT 1:**

        BRIAN L. FINKEL, on or between the 10th day of November, 1993,

and the 31st day of October, 1993, intentionally or knowingly

engaged in sexual contact with HEATHER MCKAY, fourteen or more

years of age, without the consent of HEATHER MCKAY, (to-wit: Where

277 GJ 418

Defendant rubbed victim's clitoris before the abortion procedure),
(to-wit: Where Defendant rubbed victim's clitoris before the
abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401,
13-3821, 31-271, 13-701, 13-702, 13-801, and 13-812.

COUNT 2:

   BRIAN L. FINKEL, on or about the 30th 27th day of October, 1995,
intentionally or knowingly engaged in sexual contact with REINA
TOBIN, a person of 15 or more years of age, without the consent of
REINA TOBIN, (to-wit: When Defendant rubbed victim's clitoris with
his hand while doing pre-abortion examination), in violation of
A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-
702.01, and 13-801.

COUNT 3:

   BRIAN L. FINKEL, on or between the 1st 8th day of July August, 1997 and
the 31st day of July, 1997, intentionally or knowingly engaged in
sexual contact with JENNIFER HARRIS, a person of 15 or more years
of age, without the consent of JENNIFER HARRIS, (to-wit: Where
Defendant massaged victim's breasts before the abortion procedure),
in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-
701, 13-702, 13-702.01, and 13-801.

COUNT 4:

   BRIAN L. FINKEL, on or between the 1st 6th day of August January, 1998 1998 and
the 31st day of August, 1998, intentionally or knowingly engaged in
sexual contact with KARI MARTIN, a person of 15 or more years of

277 GJ 418

age, without the consent of KARI MARTIN, (to-wit: Where Defendant fondled victim's breasts before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 5:**

BRIAN L. FINKEL, on or about the 25th day of January, 2000, intentionally or knowingly engaged in sexual contact with HEATHER BROWN, a person of 15 or more years of age, without the consent of HEATHER BROWN, (to-wit: The first time Defendant pinched victim's nipples before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 6:**

BRIAN L. FINKEL, on or about the 25th day of January, 2000, intentionally or knowingly engaged in sexual contact with HEATHER BROWN, a person of 15 or more years of age, without the consent of HEATHER BROWN, (to-wit: When Defendant rubbed victim's clitoris before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 7:**

BRIAN L. FINKEL, on or about the 25th day of January, 2000, intentionally or knowingly, engaged in sexual intercourse or oral sexual contact with HEATHER BROWN, without the consent of HEATHER BROWN, (to-wit: When Defendant placed his tongue on victim's

277 GJ 418

clitoris after the abortion procedure), in violation of A.R.S. §§ 13-1406, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 8:

BRIAN L. FINKEL, on or about the 1st day of March, 2000, intentionally or knowingly engaged in sexual contact with KATHE GAYLE KALMANSOHN, a person of 15 or more years of age, without the consent of KATHE GAYLE KALMANSOHN, (to-wit: First time Defendant squeezed victim's breasts when she awoke after the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 9:

BRIAN L. FINKEL, on or about the 1st day of March, 2000, intentionally or knowingly engaged in sexual contact with KATHE GAYLE KALMANSOHN, a person of 15 or more years of age, without the consent of KATHE GAYLE KALMANSOHN, (to-wit: First time Defendant squeezed victim's nipple when she awoke after the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 10:

BRIAN L. FINKEL, on or about the 1st day of March, 2000, intentionally or knowingly engaged in sexual contact with KATHE GAYLE KALMANSOHN, a person of 15 or more years of age, without the consent of KATHE GAYLE KALMANSOHN, (to-wit: When Defendant laid on

top of victim in the procedure room touching his chest to her exposed breasts), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 11:**

BRIAN L. FINKEL, on or about the 1st day of March, 2000, intentionally or knowingly engaged in sexual contact with KATHE GAYLE KALMANSOHN, a person of 15 or more years of age, without the consent of KATHE GAYLE KALMANSOHN, (to-wit: Second time Defendant touched victim's breasts after the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 12:**

BRIAN L. FINKEL, on or between the 1st day of May, 2001 and the 31st day of May, 2001, intentionally or knowingly engaged in sexual contact with TAMMY DION, a person of 15 or more years of age, without the consent of TAMMY DION, (to-wit: Where Defendant fondled victim's breasts before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

**COUNT 13:**

BRIAN L. FINKEL, on or about the 7th day of August, 2001, intentionally or knowingly engaged in sexual contact with KRISTA AUMILLER, a person of 15 or more years of age, without the consent of KRISTA AUMILLER, (to-wit: When Defendant fondled victim's

breasts before the abortion procedure), in violation of A.R.S. §§
13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and
13-801.

COUNT 14:

BRIAN L. FINKEL, on or about the 7th day of August, 2001,
intentionally or knowingly engaged in sexual contact with KRISTA
AUMILLER, a person of 15 or more years of age, without the consent
of KRISTA AUMILLER, (to-wit: When Defendant touched victim's nipple
before the abortion procedure), in violation of A.R.S. §§ 13-1404,
13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 15:

BRIAN L. FINKEL, on or about the 22nd day of August, 2001,
intentionally or knowingly engaged in sexual contact with KRISTA
AUMILLER, a person of 15 or more years of age, without the consent
of KRISTA AUMILLER, (to-wit: When Defendant squeezed and rubbed
victim's breasts during her follow-up visit), in violation of
A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-
702.01, and 13-801.

COUNT 16:

BRIAN L. FINKEL, on or about the 7th day of August, 2001,
intentionally or knowingly engaged in sexual contact with TRACY
PIECHNA, a person of 15 or more years of age, without the consent
of TRACY PIECHNA, (to-wit: When Defendant pinched victim's nipple
after holding the stethoscope to her chest), in violation of A.R.S.

277 GJ 418

§§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

COUNT 17:

BRIAN L. FINKEL, on or about the 7th day of August, 2001, intentionally or knowingly engaged in sexual contact with TRACY PIECHNA, a person of 15 or more years of age, without the consent of TRACY PIECHNA, (to-wit: When Defendant touched victim's clitoris before the abortion procedure), in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-701, 13-702, 13-702.01, and 13-801.

A TRUE BILL
("A True Bill")

Date: October 23, 2001

RICHARD M. ROMLEY
MARICOPA COUNTY ATTORNEY

BLAINE D. GADOW
DEPUTY COUNTY ATTORNEY

PAUL SIMS
FOREMAN OF THE GRAND JURY

BDG:es/OK



RICHARD M. ROMLEY
MARICOPA COUNTY ATTORNEY



Blaine D. Gadow
Deputy County Attorney
Bar ID #:  015741
MCAO Firm #:  00032000
Administration Building
301 W Jefferson St Ste 800
Phoenix, AZ 85003-2143
Telephone:  (602) 506-8556
Attorney for Plaintiff

FILED

2001 NOV 20  PM 4:54

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| STATE OF ARIZONA | NO. CR 2001-015515 |
| Plaintiff, | STATE'S ALLEGATION OF MULTIPLE OFFENSES NOT COMMITTED ON THE SAME OCCASION PURSUANT TO A.R.S. § 13-702.02 |
| VS. | |
| BRIAN L. FINKEL, | |
| Defendant. | (Assigned to the Honorable Pamela Franks) |

Pursuant to A.R.S. § 13-702.02 and Rule 13.5, Arizona Rules of Criminal Procedure, the State of Arizona, by and through undersigned counsel, amends the Indictment to allege that counts 1, 2, 3, 4, 5-7, 8-11, 12, 13-14, 15, 16-17 are multiple offenses not committed on the same occasion but consolidated for trial. Therefore, if the Defendant is convicted of these counts, the Defendant must be sentenced pursuant to A.R.S. § 13-702.02.

Submitted November 20, 2001.

RICHARD M. ROMLEY
MARICOPA COUNTY ATTORNEY

BY
Blaine D. Gadow
Deputy County Attorney

89

Copy of the foregoing
mailed\delivered this
____ day of November, 2001,
to:

The Honorable Pamela Franks
Judge of the Superior Court

Richard Gierloff, Esq.
45 W. Jefferson Suite 412
Phoenix, AZ 85003-2315

BY _____
   Blaine D. Gadow
   Deputy County Attorney

MICHAEL ... NES, CLERK
BY ...... DEP

FILED

2002 SEP 25  PM 4: 11

1 **RICHARD D. GIERLOFF, #6350**
  Attorney At Law
2 45 West Jefferson
  Suite 412
3 Phoenix, Arizona 85003
  602/254-8861
4
  Attorney for Defendant
5

6

7

8         IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9           IN AND FOR THE COUNTY OF MARICOPA

10

11 STATE OF ARIZONA,              )   No.  CR2001-015515
                                  )        CR2002-001431
12                Plaintiff,      )
                                  )   **OBJECTION TO IN CAMERA INSPECTION**
13                                )   **OF VICTIM INTERVIEWS**
   vs.                            )
14                                )
   BRIAN L. FINKEL,               )
15                                )
                  Defendant.      )   (Assigned to the Hon. Jeffrey Cates)
16 _____)

17        The Defendant Brian L. Finkel, D.O., by and through counsel, hereby objects

18 to the Court's in camera inspection of victim interviews in this matter.  In its Motion

19 for Reconsideration, the State discloses that it has supplied the Court, under seal,

20 with transcripts of the victim interviews in this matter.    Defendant objects to the

21 Court's examination of these records because they are wholesale hearsay, not subject

22 to cross-examination and deny the Defendant his right of confrontation.  Further, the

23 State has not demonstrated any good cause for its Motion for Reconsideration;

24 therefore it has not demonstrated good cause as to why this Court should examine

25 said transcripts.

26        As with Defendant's objection to the taking of testimony in support of the

27 Motion for Reconsideration, the proffer of these transcripts constitutes a second,

28 separate Motion to Consolidate by the State.   The Rules of Criminal Procedure do

not permit a party to bring serial motions until such time as the Court rules in its

164

1 | favor.    Therefore, it is respectfully requested that this Court not examine the

2 | proffered transcripts.

3 |                    Respectfully submitted this 25th day of September, 2002.

6 |                                        Richard D. Gierloff
7 |                                        Attorney for Defendant

10 | COPY of the foregoing hand-delivered/
11 | mailed this 25 day of September, 2002, to:

12 | The Honorable Jeffrey Cates
    | Judge of the Superior Court

13 |
14 | Blaine D. Gadow
    | Deputy County Attorney



MICHAEL K. JEANES, CLERK
BY  *S. Butler*  DEP.
FILED

2009 JUN 17 PM 4: 23

1   **RICHARD D. GIERLOFF, #6350**
    Attorney At Law
2   45 West Jefferson, Suite 412
    Phoenix, Arizona 85003
3   602/254-8861

4   Attorney for Defendant

5

6

7           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8               **IN AND FOR THE COUNTY OF MARICOPA**

9   STATE OF ARIZONA,                )   No.  CR2001-015515
10                                    )        CR2002-001431
                                      )
11                  Plaintiff,        )   **DEFENDANT'S SUPPLEMENTAL**
                                      )   **NOTICE OF WITNESSES**
12  vs.                               )
                                      )
13  BRIAN L. FINKEL,                  )
                                      )
14                  Defendant.        )   (Assigned to the Hon. Jeffrey Cates)
    _____   )

15

16          The Defendant, Brian L. Finkel, by and through counsel undersigned hereby

17  submits his list of witnesses as follows:

18          1.      Elizabeth Loftus, Ph.D.
                    Psychology and Social Behavior
19                  Criminology, Law & Society
                    University of California
20                  2393 Social Ecology II
                    Irvine, Ca 92697-7085
21
            Elizabeth Loftus will testify regarding memory creation, contamination and
22  malleability.

23

24          2.      Thomas Streed, Ph.D.
                    Forensic Consultation International
25                  P.O. Box 19250
                    San Diego, CA 92159
26
            Thomas Streed will testify regarding police procedures, interview techniques
27  and standards.

28
                                                          2 0 8

3.    Gordon Davis, M.D.
      300 W. Crittendon Avenue
      Phoenix, Arizona 85013

      (Will disclose CV once received)

Gordon Davis will testify regarding the standards of patient care and examination; professional duties and obligations of attending physicians.

4.    Bernice Roberts, D.O.
      170 N. Sierra Vista Drive
      Tucson, Arizona 85719

Bernice Roberts will testify regarding addictionology, medical treatment of the drug addicted patient.


Respectfully submitted this 17 day of June, 2003.


_____
Richard D. Gierloff
Attorney for Defendant


COPY of the foregoing mailed
this 17 day of June, 2003, to:

The Honorable Jeffrey Cates
Judge of the Superior Court

Blaine D. Gadow
Deputy County Attorney


_____

- 2 -

1 | **RICHARD D. GIERLOFF, #6350**
Attorney At Law
2 | 45 West Jefferson, Suite 412
Phoenix, Arizona 85003
3 | 602/254-8861

MICHAEL K JEANES, CLERK
BY
FILED
2003 JUL 30 PM 3: 12

4 | Attorney for Defendant

5

6 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7 | **IN AND FOR THE COUNTY OF MARICOPA**

8 | STATE OF ARIZONA,                )   No.   CR2002-001431
                                     )          CR2001-015515
9 |
                                     )
10 |            Plaintiff,           )   **MOTION IN LIMINE TO**
                                     )   **PRECLUDE**
11 |                                 )
      **vs.**                        )
12 |                                 )
      BRIAN L. FINKEL,               )
13 |                                 )
               Defendant.            )   (Assigned to the Hon. Jeffrey Cates)
14 |                                 )

15 |        The Defendant, Dr. Brian L. Finkel, by and through counsel undersigned

16 | hereby moves this court, in limine, for an order excluding Dr. Dennis Doren and Dr.

17 | Anne Burgess from testifying in this matter for the reason that both are going to offer

18 | foundationless "profile" evidence regarding the "general characteristics of sex

19 | offenders" a category which has no basis in clinical or medical science.   Further, Dr.

20 | Doren was not disclosed as an expert in this area and should be disqualified for that

21 | reason as well.   This Motion is supported by the following Memorandum of Points

22 | and Authorities which, by this reference is incorporated herein.

23 |        Respectfully submitted this 30th day of July, 2003.

24

25

26 |                                 Richard D. Gierloff
27 |                                 Attorney for Defendant

28

224

## MEMORANDUM OF POINTS AND AUTHORITIES

On September 20, 2002 the State gave notice of "Dennis Doren, Ph.D., Expert Witness to be called on the issue of aberrant sexual propensity and Rule 404(c) admissibility issues." This was in support of its Motion for Reconsideration of the court's having granted Defendant's Motion to Sever.   The subsequent reversal by the court on this issue, ruling that the trials could be consolidated under the basis of Rule 404(c) appeared to render Dr. Doren's utility as a witness for the State moot. However, the State recently indicated its intention to call Dr. Doren as a witness and thus, he was interviewed on Monday, July 28, 2003.   While being interviewed, Dr. Doren revealed that he did not intend to offer a diagnosis of Dr. Finkel, nor testify that the complained of acts constituted evidence of a character trait giving rise to an aberrant sexual propensity.   Rather, that he had "no idea" as to why he was being called to testify.   Ms. Nannetti clarified that he was going to be called as an expert in the "general characteristics of sex offenders".   Based on this information counsel requested that Dr. Doren state what were the general characteristics of sex offenders. Dr. Doren replied that he could not say, and had to be asked specific questions.

This completely defeats the rules of discovery and provides the State with an opportunity to conduct a "trial by ambush".   Dr. Doren should be precluded for this reason alone.

Additionally, both he and Dr. Burgess apparently intend to offer testimony regarding the "general characteristics of sex offenders".   Simply stated, there is no such category recognized clinically or medically.   While Arizona has allowed an expert witness to testify regarding the general characteristics and behavior of sex offenders and victims, cases have done so only when there is a **specific diagnosis for the offender**.   *State v. Tucker,* 165, Ariz. 340, 798 P.2d 1349 (1990); *State v. Lindsay,* 149 Ariz. 472, 720 P.2d 73 (1986); *State v. Moran,* 151 Ariz. 378, 728 P.2d 248 (1986).

These cases, to return to a now familiar theme, are **child molestation** cases.

- 2 -

1  Pedophelia is a specifically recognized diagnosis contained in DSM-IV.   As such,

2  that population has specific, identifiable characteristics which can generalized across

3  the population, hence, general characteristics.

4          Here, no diagnosis has ever been offered of Dr. Finkel, and no expert can state

5  what "class" or diagnosis his behavior might fall.   It is well settled that there is no

6  clinical condition or disorder that includes all sex offenders.     Likewise it is well

7  settled that there is no clinical or medical characteristic shared by all sex offenders.

8  Dr. Doren himself agreed during the interview that there is no classification which

9  encompasses all sex offenders "except human kind".

10         There simply is no population to which Dr. Finkel's conduct can be compared

11  for "consistency".     These witnesses cannot employ a fictitious population with

12  certain alleged characteristics, then opine whether Dr. Finkel's conduct is

13  "consistent" with the conduct of this population which does not exist.   This is not

14  only extremely circular in that the behavior is classified then quantified then

15  classified again because of the quantification.

16         What the State is really doing is offering a "profile" of a population which

17  actually does not exist and then illicit testimony from the experts that certain conduct

18  is "consistent" with that of this population.   This testimony will then be used to both

19  classify and quantify the behavior, *i.e.* that these were sex crimes and it occurred 67

20  times.    Part of this process will involve Dr. Doren testifying that because there are

21  67 similar complaints each of the individual complaints are then more likely to be

22  classifiable as sex crimes.    The use of "profiles" and subsequent argument that the

23  defendant is guilty because he fits the profile was expressly disapproved of in *State*

24  *v. Lee,* 191, Ariz. 542, 959 P.2d 799 (1998).   This was characterized as "use of

25  profile evidence to indicate guilt . . . creates a high risk that a defendant will be

26  convicted not for what he did but for what others are doing." *State v. Cifeuntes,*

27  171, Ariz. 257, 830 P.2d 469 (App. 1991).

28         It is also a misuse of 404(c) evidence.   Ms. Nannetti admitted again that the

- 3 -

1    State intends to argue the "objective improbability" of so many accusations being

2    false.   This evidence is admissible only to show the Defendant's state of mind and

3    only for that purpose.   *State v. Pearce,* 170 Ariz. 527, 826 P.2d 1153 (App. 1992).

4    The State is not permitted to prove a Defendant's guilt of one act through excessively

5    prejudicial evidence of other acts.   *State v. Garcia,* 200 Ariz. 471 ¶ 35, 28 P.3d

6    327, 333 (App. 2002).

7        All counts were consolidated under Rule 404(c).   Admissibility under this

8    Rule is limited to demonstrating that the Defendant has a character trait for an

9    aberrant sexual propensity to commit the crime charged.   This evidence is not

10   admissible to support the argument that multiple occasions of similar conduct cross-

11   bolster the credibility of each individual allegation.   The law does not permit the

12   State to argue this additional inference.

13        Therefore, based on the foregoing, it is respectfully requested that this court

14   grant the requested relief.

15        Respectfully submitted this 30th day of July, 2003.

16

17

18                           Richard D. Gierloff

19                           Attorney for Defendant

20

21

22

23   COPY of the foregoing hand-delivered
this 30th day of July, 2003, to:

24   The Honorable Jeffrey Cates
Judge of the Superior Court

25

26   Blaine D. Gadow
Deputy County Attorney

27

28

-4-

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                          09/08/2003


                                           CLERK OF THE COURT
                                                J. Jones
HONORABLE JEFFREY S. CATES                       Deputy

                                           FILED: 9\09\2003


STATE OF ARIZONA                           BLAINE D GADOW
                                           CINDI S NANNETTI
                                           STEVEN J TWIST
                                           STASY D CLICK
                                           SHERRI L TOUSSAINT


v.

BRIAN L FINKEL                             RICHARD D GIERLOFF
                                           KRISTEN M CURRY

                                           VICTIM SERVICES DIV-CA-CCC



                        MINUTE ENTRY


       This Court has received and reviewed Motion To Quash Criminal Subpoena filed by
counsel, Sherri Toussaint.

       Rule 611 of the Arizona Rules of Evidence grants a judge authority to exercise
reasonable control over the mode and order of interrogating witness and presenting evidence.
While there is little question that the moving party testifying in connection with the trial in this
case is likely to be detrimental to her health and well-being, this Court is aware of no authority
for this Court entering an order which precludes the County Attorney's Office from calling a
properly-subpoenaed witness to testify.

       IT IS THEREFORE ORDERED denying the Motion to Quash Criminal Subpoena;
however, the parties are to present this witness's testimony at the trial of this matter by a
videotaped deposition, with the witness being allowed to have present at the deposition her
psychiatrist and attorney, if she chooses.  The deposition is to take place at a time and place
mutually agreed upon by the witness's attorney and counsel trying this case.  The agreement as
to time and place is to be made by September 15, 2003.


Docket Code 023                   Form R000A                          Page 1

                                                                      349



DA
9

MICHAEL K. JEANES, CLERK
BY ⎯⎯⎯⎯⎯ DEP.

FILED

2003 SEP 11  PM 4:14

1 | **RICHARD D. GIERLOFF, #6350**
Attorney At Law
2 | 45 West Jefferson, Suite 412
Phoenix, Arizona 85003
3 | 602/254-8861

4 | Attorney for Defendant

5

6

7 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

8

9 | STATE OF ARIZONA,                         )      No.   CR2001-015515
                                            )
10 |                    Plaintiff,            )
                                            )      **OBJECTION TO VIDEO**
11 |                                          )      **DEPOSITION OF WITNESS CLUFF**
vs.                                         )
12 |                                          )      **(Assigned to the Hon. Jeffrey Cates)**
BRIAN L. FINKEL,                           )
13 |                                          )
                   Defendant.               )
14 | ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯)

15 |        The Defendant, Dr. Brian L. Finkel, by and through counsel undersigned

16 | hereby objects to this Court's order directing the video deposition of witness Shelly

17 | Cluff, apparently in lieu of her live testimony before the Jury.   Undersigned counsel

18 | knows of no authority permitting the Court to order such a deposition for an adult

19 | witness.   A.R.S. §13-4251 *et. seq.* provides for such a procedure with a minor

20 | witness.   Ms. Cluff is 32 years of age.

21 |        The proposed video deposition in lieu of live testimony violates the defendant's

22 | rights to confrontation under the Sixth Amendment to the United States Constitution.

23 |        Therefore it is requested that this court quash its order directing the parties to

24 | schedule the video deposition of witness Shelly Cluff.

25 |        Respectfully submitted this ____11____ day  of September, 2003.

26

27

28 |                                          ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                          Richard D. Gierloff
                                          Attorney for Defendant

367

1   COPY of the foregoing telefaxed/
    hand-delivered/mailed this 2/ day of
2   September, 2003, to:

3   The Honorable Jeffrey Cates
    Judge of the Superior Court
4
    Blaine D. Gadow
5   Deputy County Attorney

6   Sherri L. Toussaint
    Attorney for Subpoenaed Witness - Shelly Cluff
7

8   Ken Rodriguez
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 2 -



MICHAEL K. JEANES, CLERK
BY _____ DEP

2003 OCT -9  PM 2: 47

RICHARD M. ROMLEY
MARICOPA COUNTY ATTORNEY
Blaine D. Gadow
Deputy County Attorney
BAR ID #:  015741
FIRM ID#:  00032000
301 West Jefferson St Ste 800
Phoenix, Arizona 85003-2143
Telephone (602) 506-7577
Attorney for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| STATE OF ARIZONA, | ) | No. CR2001-015515 |
| | ) | |
| Plaintiff, | ) | MOTION IN LIMINE RE: ELIZABETH |
| vs. | ) | LOFTUS TESTIMONY |
| | ) | |
| | ) | |
| BRIAN LESLIE FINKEL | ) | (Honorable Jeffrey Cates) |
| | ) | |
| Defendant. | ) | |

COMES NOW the State of Arizona, through the undersigned, and pursuant to the Arizona Court rulings in State v. Tucker 165 Ariz. 340, 798 P.2d 1349 (1990), State v. Chapple, 135 Ariz. 281, 660 P.2d 1208 (1983), State v. Lindsey, 149 Ariz. 472, 720 P.2d 73 (1986), and State v. Moran, 151 Ariz. 378, 728 P.2d 248 (1986) moves to limit the testimony of defense expert Dr. Elizabeth Loftus to those areas permitted by Arizona law.  State v. Tucker, the most recent pronouncement in this area, is a case that involved the testimony of an expert witness called by the State in a public sexual indecency charge. The expert witness, Dr. Jeffrey Harrison, testified about the general

characteristics of child molesters and their victims.  He provided a conceptual model for the jury.  This testimony was not held to be improper.  However, hypotheticals based on the facts of the case already adduced at trial, and presented to the witness for comparison with the model that he had described, were ruled inadmissible.  As the Tucker court stated, "the State's 'hypothetical' questions were nothing more than the expert explaining to the jury how the child's testimony was, in fact, consistent with the crime having occurred.  This was condemned in Moran."  Tucker, 164 Ariz. at 349, 798 P.2d at 1358.  The Court of Appeals held that Dr. Harrison should not have been permitted to testify as to the believability of the victim, even in the hypothetical format.

By way of factual background, Dr. Loftus has been noticed as an expert witness in the areas of "memory creation, contamination and malleability."  She has reviewed certain case-related materials in preparation for her testimony.  It is expected that she will testify about general characteristics of memory including her position that memory is malleable and subject to suggestion, as well as memory contamination issues in general. Pursuant to Tucker, Lindsey, and Moran, this evidence may be admissible, depending on how it is developed in court.

However, based on the principles in those cases, the State moves this court to preclude Dr. Loftus from offering any opinion or testimony that comments on the credibility of specific victims or witnesses in this case.  In this sense, her testimony must be analogous to the testimony provided by a "cold expert," a witness with no specific case-related knowledge.  Testimony by an

expert witness on the ultimate issue of specific witness credibility invades the province of the jury and is a violation of <u>Tucker</u> and <u>Moran</u>.  Dr. Loftus should be precluded from comparing her theories or models of memory to "hypotheticals" drawn from the facts of this case.

Further, the State moves to preclude Dr. Loftus from offering the following opinion or any opinion like it:  that there is no way to tell a false memory from a real memory without corroboration.  Such an opinion flies in the face of Arizona law as delivered to the jury at the close of the case.  Jurors in Arizona are permitted to accept or reject witness testimony alone as the basis for their verdicts.  There is no law requiring corroboration before a jury may accept a witness' testimony, and the law allows a jury to evaluate witness testimony on its own merit, as delivered from the witness stand.  The jury instruction that follows demands that jurors evaluate witness testimony based on a number of tests of accuracy and truthfulness long accepted Arizona and American jurisprudence.

> In evaluating testimony, you should use these tests of accuracy and truthfulness that people use in determining matters of importance in everyday life, including such factors as the witness' ability to see, hear or know the things the witness testified about; the quality of the witness' memory; the witness' mental state; the witness' manner while testifying; whether the witness has any motive, bias, or prejudice; whether the witness is contradicted by anything the witness said or wrote before trial, or by other evidence; and, the reasonableness of the witness' testimony when considered in the light of the other evidence.

If Dr. Loftus testifies about her theory that there is no way for anyone to tell a false memory from a true one, then she is essentially opining that the above legal instruction given by this Court to the jury is simply wrong *and impossible*

*for the jury to follow*.   This type of testimony is clearly improper and inadmissible.  As stated in <u>Chapple</u>, supra, "Issues of ultimate fact may be the subject of expert testimony, but witnesses are not 'permitted as experts on how juries should decide cases'."  Chapple, 135 Ariz. at 295, 660 P.2d at 1222.

Dr. Loftus can easily confine, and by law must confine, her testimony to her general theories about memory, the studies she has done and those she has reviewed as an expert witness, and the general characteristics of memory "malleability" based upon her work in the field.  She should not be permitted to place her expertise directly against black-letter Arizona law, and therefore force the jury to choose between accepting her testimony and accepting the law as the Court reads it.  The jury must accept and follow the law as the Court gives it, despite her testimony.  The jury should not be placed in this untenable position.

The defense chose to allow their expert witness to review materials connected to the case rather than prudently calling her as a cold expert to offer her theories in general terms.  The risk that is run by doing so is that the witness testifies with what she knows about the case in mind, and therefore runs the risk of offering an opinion on the ultimate issue of any victim's credibility or the accuracy of her memory.  This is not allowed.

For these reasons, this Court should issue an order that limits her testimony to the acceptable parameters as set forth in Tucker, and does not ask the jury to violate its oath to follow the law as given by this Court.

RESPECTFULLY SUBMITTED this ____8____ day of October, 2003.

RICHARD M. ROMLEY
MARICOPA COUNTY ATTORNEY

Blaine D. Gadow
Deputy County Attorney

Copy of the foregoing
delivered this __8__ day
of October, 2003 to:

Honorable Jeffrey Cates
Judge of the Superior Court

Richard Gierloff, Esq.
45 W. Jefferson, Suite 412
Phoenix, AZ 85003
Attorney for Defendant

Blaine D. Gadow
Deputy County Attorney

PERIOR COURT OF ARIZONA
MARICOPA COUNTY



CR 2001-015515                                      12/02/2003


                                          CLERK OF THE COURT
                                                J. Jones
HONORABLE JEFFREY S. CATES                       Deputy

                                          FILED:   DEC 0 4 2003


STATE OF ARIZONA                          BLAINE D GADOW
                                          CINDI S NANNETTI
                                          STEVEN J TWIST
                                          STASY D CLICK


v.

BRIAN L FINKEL                            RICHARD D GIERLOFF
                                          KRISTEN M CURRY

                                          APO-PLEAS-CCC
                                          DISPOSITION CLERK-CSC
                                          EXHIBITS-CCC
                                          VICTIM SERVICES DIV-CA-CCC



                        TRIAL MINUTE ENTRY
                             DAY 57

        9:30 a.m. Jurors are all present in the jury room and resume their deliberations from
December 1, 2003.

             **1:30 p.m. IN CHAMBERS:**
             State's Attorney:        Above named counsel
             Defendant's Attorney:    Above named counsel
             Defendant:               Present
             Court Reporter:          Mike Babicky

        Discussion is held.

        Due to safety and privacy issues raised with this court,

        IT IS ORDERED sealing the jury list and the same shall not be unsealed unless ordered
by this Court.

Docket Code 012                    Form R012                          Page 1

                                                                      7 5 4

PERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                          12/02/2003

IT IS FURTHER ORDERED prohibiting the attorneys and parties of this case from revealing juror information.

IT IS FURTHER ORDERED that court reporter, Mike Babicky, seal the portion of his notes wherein trial jurors were selected.

1:42 p.m. Court stands at recess.

### IN COURTROOM:

1:47 p.m. Court reconvenes with respective counsel and Defendant present.

Court reporter, Mike Babicky, is present.

The Jurors are all present in the jury box.

Court is informed by the Foreperson they are deadlocked as to Counts 8 and 39 in CR2002-001431 and Counts 8 and 11 in CR2001-015515.

The jury is asked by the Court if it believes that, with further deliberations, it may be able to reach a verdict within a reasonable period of time.

The jury replies negatively.

IT IS ORDERED declaring a mistrial on Counts 8 and 39 in CR2002-001431 and Counts 8 and 11 in CR2001-015515.

The Foreperson provides the remainder of the verdicts to the Court, which are read and recorded by the clerk as follows:

### CR2001-015515

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 1, Defendant no guilty of Sexual Abuse (rubbed clitoris of Heather McKay before abortion procedure on November 10, 1993).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 2, Defendant guilty of Sexual Abuse (rubbed clitoris of Reina Tobin while doing pre-abortion exam on October 27, 1995).

Signed: Foreperson

Docket Code 012                    Form R012                          Page 2

?ERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                              12/02/2003

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 3, Defendant not guilty of Sexual Abuse (massaged breast of Jennifer Harris before abortion procedure on August 8, 1997).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 4, Defendant not guilty of Sexual Abuse (fondled breasts of Kari Martin before abortion procedure on January 6, 1999).

Signed: Foreperson
We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 5, Defendant not guilty of Sexual Abuse (pinched nipples of Heather Brown before abortion procedure on or about January 25, 2000).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 6, Defendant not guilty of Sexual Abuse (rubbed Heather Brown's clitoris before abortion procedure on or about January 25, 2000).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 7, Defendant not guilty of Sexual Assault (tongue on Heather Brown's clitoris after abortion procedure on or about January 25, 2000).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 9, Defendant not guilty of Sexual Abuse (squeezed Kathe Kalmansohn's nipple after she awoke from abortion procedure on or about March 1, 2000).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 10, Defendant not guilty of Sexual Abuse (laid on top of Kathe Kalmansohn touching his chest to her exposed breasts on or about March 1, 2000).

Signed: Foreperson

PERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                                12/02/2003

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 12, Defendant not guilty of Sexual Abuse (fondled Tammy Dion's breasts before abortion procedure on or between May 1, 2001 and May 31, 2001).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 13, Defendant guilty of Sexual Abuse (fondled Krista Aumiller's breasts after abortion procedure on or about August 7, 2001).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 14, Defendant guilty of Sexual Abuse (touched Krista Aumiller's nipple before abortion procedure on or about August 7, 2001).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 15, Defendant guilty of Sexual Abuse (squeezed and rubbed Krista Aumiller's breasts during follow-up visit on or about August 22, 2001).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 16, Defendant guilty of Sexual Abuse (pinched Tracy Piechna's nipple after holding stethoscope to her chest on or about August 7, 2001).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 17, Defendant guilty of Sexual Abuse (touched Tracy Piechna's clitoris before abortion procedure on or about August 7, 2001).

Signed: Foreperson

## CR2002-001431

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 1, Defendant not guilty of Sexual Abuse (stroked Nealie Amaechi's clitoris at follow-up exam on June 15, 2001).

Signed: Foreperson

PERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                    12/02/2003

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 2, Defendant not guilty of Sexual Abuse (pinched Nealie Amaechi's right nipple during follow-up exam on June 15, 2001).

Signed: Foreperson
We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 3, Defendant not guilty of Sexual Abuse (flicked Tracy Arnold's clitoris during pre-procedure exam on or between April 1, 1994 and May 31, 1994).

Signed: Foreperson
We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 4, Defendant guilty of Sexual Abuse (rubbed Doreen Barnes' labia before pre-procedure exam on April 2, 1999).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 5, Defendant guilty of Sexual Abuse (rubbed Doreen Barnes' labia during follow-up exam on April 2, 1998).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 10, Defendant guilty of Sexual Abuse (rubbed Erlinda Diaz' clitoris during follow-up on November 18, 1995).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 11, Defendant guilty of Sexual Abuse (twisted Dawn Eanes' right nipple during pre-procedure exam on or between January 1, 1998 and January 31, 1998).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 12, Defendant guilty of Sexual Abuse (twisted Dawn Eanes' left nipple during pre-procedure exam on or between January 1, 1998).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 13, Defendant not guilty of Sexual Assault (lubricated fingers with

PERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                      12/02/2003

Astro-Glide and penetrated Kelly Easter's vagina to simulate sexual intercourse on or
between June 1, 1998 and August 31, 1998).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do
find as to Count 14, Defendant guilty of Sexual Abuse (rubbed Kelly Easter's clitoris on
or between June 1, 1998 and August 31, 1998).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do
find as to Count 15, Defendant not guilty of Sexual Assault (inserted finger into Kelly
Easter's anus at end of exam on or between June 1, 1998 and August 31, 1998).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do
find as to Count 16, Defendant not guilty of Sexual Abuse (squeezed Dakhuna Elijah's
nipples during pre-examination procedure on or about September 15, 2001).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do
find as to Count 17, Defendant guilty of Sexual Abuse (massaged Emily Francom's
breasts during pre-procedure exam on or between March 1, 2001 and March 31, 2001).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do
find as to Count 18, Defendant guilty of Sexual Abuse (massaged Emily Francom's
clitoris before abortion procedure on or between March 1, 2001 and March 31, 2001).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do
find as to Count 20, Defendant not guilty of Sexual Abuse (rubbed Ebone Jordan's
clitoris before abortion procedure on March 1, 1999).

Signed: Foreperson

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                          12/02/2003

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 21, Defendant not guilty of Sexual Abuse (pulled Ebone Jordan's nipples before abortion procedure on March 1, 1999).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 22, Defendant not guilty of Sexual Abuse (rubbed Ebone Jordan's clitoris with hand before abortion procedure on or between January 1, 2000 and January 31, 2000).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 24, Defendant not guilty of Sexual Abuse (massaged Jennifer Jennings' clitoris before abortion procedure on February 20, 1999).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 25, Defendant not guilty of Sexual Abuse (pinched Jennifer Jennings' nipples before abortion procedure on February 20, 1999).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 27, Defendant not guilty of Sexual Assault (penetrated Janet Jorgensen's vagina with hand simulating sexual intercourse on or between February 1, 1989 and May 31, 1989).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 28, Defendant not guilty of Sexual Assault (penetrated Janet Jorgensen's anus with finger after abortion procedure on or between February 1, 1989 and May 31, 1989).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 29, Defendant not guilty of Sexual Abuse (flicked Nicole Lea-Mon's clitoris with finger before abortion procedure on January 22, 1996).

PERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                    12/02/2003

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 30, Defendant not guilty of Sexual Abuse (manipulated Nicole Lea-Mon's labia before abortion procedure on January 22, 1996).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 31, Defendant guilty of Sexual Abuse (rubbed Gretchen O'Haire Janovetz' nipples before abortion procedure on or between June 1, 1994 and June 30, 1994).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 32, Defendant guilty of Sexual Abuse (grabbed Gretchen O'Haire Janovetz' breasts in hallway after follow-up visit on or between June 1, 1994 and July 15, 1994).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 33, Defendant guilty of Sexual Abuse (cupped and squeezed Rana Patrick's breasts before abortion procedure on or between March 1, 2000 and March 31, 2000).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 34, Defendant guilty of Sexual Abuse (twisted Rana Patrick's right nipple before abortion procedure on or between March 1, 2000 and March 31, 2000).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 35, Defendant not guilty of Sexual Abuse (rubbed Rana Patrick's clitoris during pelvic exam before abortion procedure on or between March 1, 2000 and March 31, 2000).

Signed: Foreperson

PERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                    12/02/2003

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 36, Defendant not guilty of Sexual Abuse (squeezed Monique Perrine's breasts after abortion procedure on June 9, 1995).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 37, Defendant guilty of Sexual Abuse (rubbed Kim Romero's breast during pre-abortion procedure on June 24, 1998).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 38, Defendant guilty of Sexual Abuse (touched Kim Romero's clitoris before abortion procedure on June 24, 1998).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 40, Defendant not guilty of Sexual Assault (penetrated Andrea Talbott-Elliott's anus with finger before abortion procedure late January, 1989).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 41, Defendant not guilty of Sexual Abuse (cupped Johnna Teenstra's breasts before abortion procedure on or between January 1, 1993 and December 31, 1993).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 42, Defendant not guilty of Sexual Abuse (pinched Johnna Teenstra's nipple before abortion procedure on or between January 1, 1993 and December 31, 1993).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 43, Defendant not guilty of Sexual Assault (penetrated Johnna Teenstra's vagina 3 successive times before abortion procedure on or between January 1, 1993 and December 31, 1993).

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                    12/02/2003

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 44, Defendant not guilty of Sexual Abuse (rubbed thumb on Johnna Teenstra's clitoris before abortion procedure on or between January 1, 1993 and December 31, 1993).
Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 45, Defendant not guilty of Sexual Abuse (squeezed Melissa Trent's nipple before abortion procedure on or about December 4, 1999).
Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 46, Defendant not guilty of Sexual Abuse (rubbed Melissa Trent's clitoris before abortion procedure on or about December 4, 1999).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 48, Defendant guilty of Sexual Abuse (pinched Shelly Cluff's nipples before exam on or between June 1, 1986 and December 31, 1986).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 49, Defendant not guilty of Sexual Abuse (rubbed Shelly Cluff's clitoris before exam on or between June 1, 1986 and December 31, 1986).

Signed: Foreperson

We, the Jury, duly empaneled and sworn in the above-entitled action, upon our oaths, do find as to Count 50, Defendant guilty of Sexual Abuse (brushed Rise Mayolette's clitoris during pre-procedure exam on September 12, 1996).

Signed: Foreperson

The Jurors reply that these are their true verdicts.

The jury is polled at the request of counsel for the Defendant.  Each Juror replies that these are his/her true verdicts.

FILED: VERDICTS
Docket Code 012                    Form R012                    Page 10

JPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                    12/02/2003

IT IS ORDERED setting time for sentencing on January 2, 2004 at 10:00 a.m. in this division.

IT IS FURTHER ORDERED that the Adult Probation Department shall conduct a presentence investigation in this matter and submit a report to this division prior to sentencing.

ISSUED: Request for Presentence Report

IT IS ORDERED revoking the release of the Defendant and remanding him to the custody of the Sheriff pending sentencing.

ISSUED: Order of Confinement

Trial concludes.

FILED: Exhibit Worksheet; Trial Worksheet

**LATER:**

IT IS ORDERED resetting Counts 8 and 39 in CR2002-001431 and Counts 8 and 11 in CR2001-015515 for trial on January 28, 2004 at 9:30 a.m. in this division.

IT IS FURTHER ORDERED designating the NEW LAST DAY for Counts 8 and 39 in CR2002-001431 and Counts 8 and 11 in CR2001-015515 as January 31, 2004.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                        01/02/2004


                                              CLERK OF THE COURT
HONORABLE JEFFREY S. CATES                           J. Jones
                                                      Deputy

                                              FILED: ___JAN 0 6 2004___


STATE OF ARIZONA                              BLAINE D GADOW
                                              CINDI S NANNETTI
                                              STASY D CLICK
                                              STEVEN J TWIST


v.

BRIAN L FINKEL                                RICHARD D GIERLOFF
                                              KRISTEN M CURRY
DOB: 12/10/1949
                                              APO-SENTENCINGS-CCC
                                              APPEALS-CCC
                                              CERTIFICATION DESK-CSC
                                              DISPOSITION CLERK-CSC
                                              MCSO-ATTN RECORDS MANAGER
                                              RFR
                                              VICTIM SERVICES DIV-CA-CCC



                 SENTENCE - IMPRISONMENT AND PROBATION

        State's Attorney:        Above named counsel
        Defendant's Attorney:    Above named counsel
        Defendant:               Present
        Court Reporter:          Mike Babicky

    Defendant states in open Court his true date of birth is December 10, 1949.

    IT IS ORDERED directing Court Administration Personnel to amend the docket to
reflect the Defendant's true date of birth as stated in open Court this date.

    State moves to dismiss the counts set for re-trial on January 28, 2004.

    IT IS ORDERED dismissing Counts 8 and 39 in CR2002-001431 and Counts 8 and 11 in
CR2001-015515 with prejudice.

Docket Code 189              Form R189-22                        Page 1


                                                           783

'ERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                                    01/02/2004

IT IS FURTHER ORDERED vacating the trial set on January 28, 2004 in this division.

The Defendant was found guilty after a trial by jury.

IT IS THE JUDGMENT of the Court Defendant is guilty of the following:

OFFENSE: COUNT 2: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -801, -812, -702.01, -702.02, 31-271
Date of Offense: October 27, 1995
Non Dangerous - Non Repetitive

OFFENSE: COUNT 13: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -801, -702.02, 31-281
Date of Offense: On or about August 7, 2001
Non Dangerous - Non Repetitive

OFFENSE: COUNT 14: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -801, -702.02, 31-281
Date of Offense: On or about August 7, 2001
Non Dangerous - Non Repetitive

OFFENSE: COUNT 15: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -801, -702.02, 31-281
Date of Offense: On or about August 22, 2001
Non Dangerous - Non Repetitive

OFFENSE: COUNT 16: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -801, -702.02, 31-281
Date of Offense: On or about August 7, 2001
Non Dangerous - Non Repetitive

OFFENSE: COUNT 17: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -801, -702.02, 31-281
Date of Offense: On or about August 7, 2001
Non Dangerous - Non Repetitive

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                    01/02/2004

OFFENSE: COUNT 4: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -801, -702.02 and 31-3821
Date of Offense: April 2, 1999
Non Dangerous - Non Repetitive

OFFENSE: COUNT 5: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -702.02, -801, 31-281
Date of Offense: April 2, 1998
Non Dangerous - Non Repetitive

OFFENSE: COUNT 10: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -702.02, -801, 31-281
Date of Offense: November 18, 1995
Non Dangerous - Non Repetitive

OFFENSE: COUNT 11: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -702.02, -801, 31-281
Date of Offense: On or between January 1, 1998 and January 31, 1998
Non Dangerous - Non Repetitive

OFFENSE: COUNT 12: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -702.02, -801, 31-281
Date of Offense: On or about January 1, 1998
Non Dangerous - Non Repetitive

OFFENSE: COUNT 14: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -702.02, -801, 31-281
Date of Offense: On or between June 1, 1998 and August 31, 1998
Non Dangerous - Non Repetitive

OFFENSE: COUNT 17: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -702.02, -801, 31-281
Date of Offense: On or between March 1, 2001 and March 31, 2001
Non Dangerous - Non Repetitive

OFFENSE: COUNT 18: SEXUAL ABUSE

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                      01/02/2004

Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -702.02, -801, 31-281
Date of Offense: On or between March 1, 2001 and March 31, 2001
Non Dangerous - Non Repetitive

OFFENSE: COUNT 31: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -801, -702.02, 31-281
Date of Offense: On or between June 1, 1994 and June 30, 1994
Non Dangerous - Non Repetitive

OFFENSE: COUNT 32: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -801, -702.02, 31-281
Date of Offense: On or between June 1, 1994 and July 15, 1994
Non Dangerous - Non Repetitive

OFFENSE: COUNT 33: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -702.02, -801, 31-281
Date of Offense: On or between March 1, 2000 and March 31, 2000
Non Dangerous - Non Repetitive

OFFENSE: COUNT 34: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -702.02, -801, 31-281
Date of Offense: On or between March 1, 2000 and March 31, 2000
Non Dangerous - Non Repetitive

OFFENSE: COUNT 37: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -702.02, -801, 31-281
Date of Offense: June 24, 1998
Non Dangerous - Non Repetitive

OFFENSE: COUNT 38: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.01, -702.02, -801, 31-281
Date of Offense: June 24, 1998
Non Dangerous - Non Repetitive

OFFENSE: COUNT 48: SEXUAL ABUSE
Class 5 felony

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                      01/02/2004

A.R.S. § 13-1404, -1401, -3821, -701, -702, -801
Date of Offense: On or between June 1, 1986 and December 31, 1986
Non Dangerous - Non Repetitive

OFFENSE: COUNT 50: SEXUAL ABUSE
Class 5 felony
A.R.S. § 13-1404, -1401, -3821, -701, -702, -702.02, -801, -702.01, 31-281
Date of Offense: September 12, 1996
Non Dangerous - Non Repetitive

AS PUNISHMENT, IT IS ORDERED Defendant is sentenced to a term of imprisonment
and is committed to the Arizona Department of Corrections as follows:

COUNT 31:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 118 days
Aggravated
Sentence is concurrent with Count 32 (in CR2002-001431).

COUNT 32:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 118 days
Aggravated
Sentence is concurrent with Count 31 (in CR2002-001431).

COUNT 10:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated
This sentence is to be consecutive to Counts 31 and 32 (in CR2002-001431).

COUNT 2:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated
This sentence is to be consecutive to Count 10 (in CR2002-001431).

COUNT 50:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated
This sentence is to be consecutive to Count 2 (in CR2001-015515).

COUNT 11:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                                01/02/2004

Sentence is concurrent with Count 12 (in CR2002-001431) and consecutive to Count 50 (in CR2002-001431).

COUNT 12:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated

Sentence is concurrent with Count 11 (in CR2002-001431) and consecutive to Count 50 (in CR2002-001431).

COUNT 4:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated

Sentence is concurrent with Count 5 (in CR2002-001431) and consecutive to Counts 11 and 12 (in CR2002-001431).

COUNT 5:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated

Sentence is concurrent with Count 4 (in CR2002-001431) and consecutive to Counts 11 and 12 (in CR2002-001431).

COUNT 14:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated
This sentence is to be consecutive to Counts 4 and 5 (in CR2002-001431).

COUNT 37:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated

Sentence is concurrent with Count 38 (in CR2002-001431) and consecutive to Count 14 (in CR2002-001431).

COUNT 38:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated

Sentence is concurrent with Count 37 (in CR2002-001431) and consecutive to Counts 14 (in CR2002-001431).

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                    01/02/2004

COUNT 33:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated

Sentence is concurrent with Count 34 (in CR2002-001431) and consecutive to Counts 37 and 38 (in CR2002-001431).

COUNT 34:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated

Sentence is concurrent with Count 33 (in CR2002-001431) and consecutive to Counts 37 and 38 (in CR2002-001431).

COUNT 17:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated

Sentence is concurrent with Count 18 (in CR2002-001431) and consecutive to Counts 33 and 34 (in CR2002-001431).

COUNT 18:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated

Sentence is concurrent with Count 17 (in CR2002-001431) and consecutive to Counts 33 and 34 (in CR2002-001431).

COUNT 13:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated

Sentence is concurrent with Count 14 (in CR2001-015515) and consecutive to Counts 17 and 18 (in CR2002-001431).

Count 14:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated

Sentence is concurrent with Count 13 (in CR2001-015515) and consecutive to Counts 17 and 18 (in CR2002-001431).

COUNT 16:  2.75 year(s) from 01/02/2004

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515                                         01/02/2004

Presentence Incarceration Credit: 0 days
Aggravated

Sentence is concurrent with Count 17 (in CR2001-015515) and consecutive to Counts 13 and 14 (in CR2001-015515).

COUNT 17:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated

Sentence is concurrent with Count 16 (in CR2001-015515) and consecutive to Counts 13 and 14 (in CR2001-015515).

COUNT 15:  2.75 year(s) from 01/02/2004
Presentence Incarceration Credit: 0 days
Aggravated
This sentence is to be consecutive to Counts 16 and 17 (in CR2001-015515).

Community Supervision: Waived pursuant to A.R.S. § 13-603(K) and 41-1604.07(D), due to the term of probation in CR2002-001431 Count 48.

IT IS ORDERED suspending imposition of sentence and placing Defendant on probation as stated in the Uniform Conditions of Probation.

COUNT 48 Probation Term: 99 years beginning upon Defendant's total release from DOC on counts 33 and 34 in CR2002-001431.

Conditions of probation include the following:

Condition 16 - Not drink any alcoholic beverage.

Condition 17 - Not have any contact with the victim(s) whatsoever, unless approved in writing by the Adult Probation Department.

Condition 23 - Restitution, Fines, and Fees:

RESTITUTION:  $11,708.88 payable $30% of earnings while incarcerated in the Department of Corrections.  Upon release from DOC, payment shall commence on the 1st day of the 2nd month following release and payment shall be in the amount of $40.00 per month to the following persons:

Erlinda Diaz            (Individual)    $2,504.88
Maricopa County Victim's Compensation Fund
                                        (Business)    $9,204.00

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CR 2001-015515

01/02/2004

Restitution ledger provided; priority of payment as stated in the restitution ledger.

Payment shall be 30% of Defendant's earnings while incarcerated at the Arizona Department of Corrections.

The Court retains jurisdiction for any future restitution hearings.

Condition 24 - Register as a Sex Offender as defined by law.

Pursuant to A.R.S. § 13-3821(J), notification is made to the Sheriff of Maricopa County, Arizona.

Condition 25 - Abide by the Special Conditions as noted on the attachment to the Terms and Conditions of Probation.

Condition 26 - Other: A) The Defendant may not perform duties or be employed in the medical field. B) The Defendant must inform all employers of this offense.

IT IS ORDERED granting the Motion To Dismiss the following:   In CR2002-001431: Counts 1, 2, 3, 13, 15, 16, 20, 21, 22, 24, 25, 27, 28, 29, 30, 35, 36, 40, 41, 42, 43, 44, 45, 46 and 49.  In CR2001-011515: Counts 1, 3, 4, 5, 6, 7, 9, 10 and 12.

Count(s) 2, 13, 14, 15, 16, 17, 4, 5, 10, 11, 12, 14, 17, 18, 31, 32, 33, 34, 37, 38, and 50: IT IS ORDERED authorizing the Maricopa County Sheriff to deliver Defendant to the Arizona Department of Corrections.

IT IS ORDERED the Clerk of the Superior Court remit to the Arizona Department of Corrections a copy of this order together with all presentence reports, probation violation reports, and medical and psychological reports that are not sealed in this cause relating to the Defendant.

cc:  DOC - Certified Copy via Certification Desk

cc:  MCSO-DIS - Certified Copy via Certification Desk

cc: ARIZONA BOARD OF OSTEOPATHIC EXAMINERS – Certified Copy via Certification Desk

SUPERIOR COURT OF ARIZONA.
MARICOPA COUNTY

Date: 11/02/2004

No. CR2001-015515

STATE v. Brian Finkel

Judge Jeffrey S. Cates

CLERK OF THE COURT
FORM TH1

J.JONES
Deputy

       Let the record reflect that the Defendant's thumbprint is permanently affixed to this sentencing order in open court.

(thumbprint)



JUDICIAL OFFICER OF THE SUPERIOR COURT

Page _____