**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Brian Leslie Finkel, | ) | No. CV 10-00536-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Sandra Walker, et. al., | ) | |
| Respondents. | ) | |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' answer (doc. 13), and petitioner's reply (doc. 14). We also have before us the Report and Recommendation of the United States Magistrate Judge (doc. 15) and petitioner's objections (doc. 18). After *de novo* consideration, we accept the recommended decision of the Magistrate Judge, pursuant to Rule 8(b), Rules Governing § 2254 Cases, and deny the petition.

Petitioner raises four grounds for relief: (1) denial of his Fourteenth Amendment right to equal protection, his Fifth and Sixth Amendment rights to a fair trial, and his Sixth Amendment right to confrontation by the trial court's refusal to sever counts and joinder of the indictments for trial; (2) denial of his Fourteenth Amendment right to equal protection and his Sixth Amendment right to a fair trial because the court admitted testimony of Dr. Ann Burgess; (3) denial of his Fifth, Sixth, and Fourteenth Amendment rights to due process

when the court refused to permit defense expert Elizabeth Loftus to testify; and (4) denial of his Sixth Amendment right to confrontation when the court permitted one of his accusers to testify by way of videotape. We address each in turn.

**Ground One**

In ground one, petitioner alleges that he was denied his Fourteenth Amendment right to Equal Protection, his Fifth and Sixth Amendment rights to a fair trial, and his Sixth Amendment right to confrontation. The Magistrate Judge found that the only federal claim fairly presented to the state courts is the alleged denial of his Sixth Amendment right to confrontation. The record reflects that petitioner did not present the due process or other claims under ground one to the state courts. Accordingly, those claims are procedurally defaulted. See Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347,1349 (2004); see also Ariz. R. Crim. P. 32.2.

In his initial filings, petitioner did not assert any basis to overcome the procedural bar, such as "cause and prejudice" or a "fundamental miscarriage of justice." In his objections, however, petitioner asserts a basis for "cause and prejudice." Petitioner argues that trial, appellate, and former appointed counsel provided ineffective assistance of counsel and prejudiced petitioner by causing him to fail to comply with the state's procedural rules. Ineffective assistance of counsel may be an objective factor constituting cause. See Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986). However, a claim of ineffective assistance of counsel "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Edwards v. Carpenter, 539 U.S. 446, 451, 120 S.Ct. 1587, 1591 (2000). Petitioner did not raise an ineffective assistance of counsel claim in state court. Thus, we reject petitioner's argument now that ineffective assistance of counsel was an objective factor causing procedural default in ground one.[1]

Petitioner did raise a violation of his right to confrontation in state court. Petitioner

---

[1] We similarly reject ineffective assistance of counsel as a cause for procedural default in grounds two and three.

alleges that the trial court refused to sever counts and, on a theory of cross-admissible "other acts," joined counts involving multiple accusers without first evaluating the accusers' credibility. The Magistrate Judge refused to consider this claim to the extent that it asserts a violation of Arizona law, based on Ariz. R. Evid. 404(c) and State v. Aguilar, 209 Ariz. 40, 97 P.2d 856 (2004). We agree that such a claim is not cognizable on federal habeas corpus review because it is made pursuant to state law. 28 U.S.C. § 2254(a).

The Magistrate Judge did however, consider petitioner's federal claim. The Magistrate Judge rejected this claim on the merits because he found the Confrontation Clause inapplicable to the joinder hearing since it was conducted pretrial. Petitioner objects, arguing that there is nothing in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004) that limits the confrontation right to the context of a jury trial. Because the purpose of the joinder hearing was to assess the truthfulness of the witnesses, petitioner asserts that he should have had the right to cross-examine them.

In order to be entitled to habeas corpus relief, petitioner must show that the state court's decision was an unreasonable application of, or contrary to, clearly established federal law. 28 U.S.C. § 2254(d)(1). Petitioner has not pointed to a "clearly established" United States Supreme Court precedent supporting his claim that he had a right to cross-examine witnesses during a pre-trial joinder hearing. Rather, the Supreme Court has determined that a criminal defendant has no pre-trial right to interview the witnesses against him; confronting adverse witnesses is a trial right. Pennsylvania v. Ritchie, 480 U.S. 39, 53, 107 S.Ct. 989, 999 (1987); Barber v. Page, 390 U.S. 719, 725, 88 S.Ct. 1318, 1322 (1968). While petitioner may not have been afforded the opportunity to cross examine the witnesses at the joinder hearing, he did at trial. See Kentucky v. Stincer, 482 U.S. 730, 740, 107 S.Ct. 2658, 2664 (1987) (holding that there was no confrontation clause violation even though defendant was excluded from a pretrial hearing when defendant had the opportunity to cross-examine at trial). The state court's rejection of petitioner's Confrontation Clause claim was not contrary to, or an unreasonable application of, clearly established federal law. Accordingly, petitioner is not entitled to relief on ground one.

**Ground Two**

Petitioner argues that the testimony of Dr. Ann Burgess "was inadmissible under Arizona law, usurped the function of the jury, lowered the prosecution's burden of proof and deprived Petitioner of his Fourteenth Amendment right to Equal Protection of the law and Sixth Amendment right to a fair trial" (docs. 1 at 9, 5 at 10). The Magistrate Judge found that petitioner never presented a federal challenge to the trial court's ruling, only a state challenge. Therefore this ground is technically exhausted and procedurally barred. Petitioner concedes that he "did not specifically address a [violation of a] constitutional provision" (doc. 18 at 4). Nevertheless, petitioner contends that because the state court admitted Dr. Burgess's testimony, it "necessarily found that Petitioner was not arbitrarily deprived of any state law entitlement" (doc. 18 at 4).

To exhaust state remedies, petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's highest court in a procedurally appropriate manner. Reese, 541 U.S. at 29, 124 S.Ct. at 1349. A claim is "fairly presented" only if petitioner has described the operative facts and the *federal* legal theory upon which the claim is based. Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). Here, petitioner never raised a federal challenge to the admission of Dr. Burgess' challenge. He even admits this. Petitioner did not "fairly present" a federal claim. Nor do we accept petitioner's argument that there was an arbitrary deprivation of a state statutory entitlement. Petitioner never raised this claim before his objections and we refuse to imply a state court ruling when one was never actually made. Petitioner is not entitled to relief on ground two.

**Ground Three**

In ground three, petitioner alleges that the trial court's refusal to permit defense expert Elizabeth Loftus to testify about the risk of implanted memories deprived him of his Fifth, Sixth, and Fourteenth Amendment rights to due process and to present a defense. The Magistrate Judge found that although petitioner cited the Fifth and Fourteenth Amendments on direct appeal, his argument was limited to state law, only cited state law cases, and never

articulated a federal claim. Concluding that this was insufficient to fairly present a federal due process claim to the Arizona Court of Appeals, the Magistrate Judge denied relief. Petitioner objects, arguing that mere reference to a specific provision of the Constitution is enough to fairly present a federal claim.

Petitioner relies primarily on Castillo to argue that mere reference to the Constitution is enough to fairly present a federal claim. 399 F.3d 993. However, in that case the Ninth Circuit stated that "[e]xhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." Id. at 1003. "Exclusive citation to Arizona state court cases in a counseled petition for review is not sufficient to give a 'fair opportunity' to the Arizona Supreme Court to decide a federal claim." Cook v. Schriro, 538 F.3d 1000, 1029 (9th Cir. 2008) (internal citations omitted). Here, in a "counseled petition," petitioner merely cited to the Constitution in the heading and concluding sentence of his argument. His entire argument centered on Arizona law and the Arizona Court of Appeals limited its review to state law and rejected petitioner's claim. "A conclusory, scattershot citation of federal constitutional provisions, divorced from any articulated federal legal theory" is insufficient. Castillo, 399 F.3d at 1002. We agree with the Magistrate Judge's finding that petitioner did not fairly present a federal claim and therefore it is procedurally defaulted. Having already objected petitioner's stated reason for "cause and prejudice," we deny relief on ground three.

**Ground Four**

Petitioner's final ground for relief asserts that his Sixth Amendment right to confrontation was violated when the trial court permitted one of his accusers to testify by way of videotape without any showing that she was legally unavailable. The Magistrate Judge considered this claim on the merits and found that petitioner did not show that the state court's decision was contrary to, or an unreasonable application of, clearly established federal law. Specifically, the Magistrate Judge noted that the trial court made particularized findings which were sufficient to justify the special protection afforded to the witness. See Maryland v. Craig, 497 U.S. 836, 852-53, 110 S.Ct. 3157, 3167 (1990). Petitioner objects arguing that

there was an unreasonable application of federal law because there was no evidence justifying special protection.

Petitioner's objections do not persuade us that the Magistrate Judge's findings are incorrect. After reviewing the court proceedings and Report and Recommendation, we agree that this was not an unreasonable application of federal law. We deny relief on ground four.

Based on our *de novo* review of petitioner's claims, **IT IS ORDERED DENYING** petitioner's petition for writ of habeas corpus (doc. 1). Because petitioner has not made a substantial showing of the denial of a constitutional right, **IT IS FURTHER ORDERED DENYING** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.

DATED this 15th day of July, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge